IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES MUNSON, #N95249,            )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )   Case No. 17-cv-01277-DRH
                                  )
L. OVERALL, et al.,               )
                                  )
                    Defendants.   )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On November 22, 2017, Plaintiff James Munson filed this action, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 5). The Court denied Plaintiff's IFP Motion on December 1, 2017. (Doc. 7). The Court noted that Plaintiff appeared capable of paying the $400.00 filing fee based on the funds in his prisoner trust fund account. (Doc. 7, p. 3). He was therefore ordered to pay the full filing fee of $400.00 within 30 days of December 1, 2017 if he wished to proceed. *Id.* The Court warned Plaintiff that failure to pay the fee by the deadline would result in dismissal of the action. *Id.* (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

That deadline has now passed. Plaintiff has not paid his filing fee. He also has failed to request an extension of the deadline for doing so.

1

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

All pending motions in this action are **DENIED** as moot.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

*/s/ David R. Herndon*

Judge Herndon
2018.01.11
05:52:48 -06'00'

**United States District Judge**